United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph Patrick Michael Decourcy, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-20511-Civ-Scola |
| ) | |
| Sarah Diane Maruk, and others, ) | |
| Defendants. ) | |

**Order on Defendant's Motion to Dismiss or Stay**

This matter is before the Court on Defendant Sarah Diane Maruk's motion to dismiss the Plaintiff's complaint. (ECF No. 22.) The Plaintiff responded (ECF No. 34) and the Defendant timely replied (ECF No. 38). Having considered the record, the parties' submissions, and the applicable law, the Court **grants** the Defendant's motion in part and stays this case. (**ECF No. 22**.)

**I. Background**

Plaintiff Joseph Patrick Michael Decourcy ("Decourcy") and Defendant Sarah Diane Maruk ("Maruk") are currently embroiled in divorce proceedings in the Superior Court of the Virgin Islands. (ECF No. 1 at ¶ 1.) According to the complaint, Maruk, along with her divorce attorney, Defendant Teeluck Persad of CPLS, P.A., hacked Decourcy's email accounts and used those emails "to gain a tactical advantage in the divorce action." (*Id.* at ¶ 1.) According to the Plaintiff, the Defendant read attorney-client communications in his email and accessed architectural drawings of a development project called Wharfside Village. (ECF No. 1 at 12.) Wharfside Village is a project proposed for property owned by Decourcy, so it may be considered a marital asset in the divorce proceedings. (*Id.*) Decourcy also accuses the Defendant of using her access to his email to sabotage the sale of another property, the Waterfront Bistro, and intimidate the potential purchaser. (*Id.* at 10-11.) The Defendant's alleged conduct was discussed during a hearing in the Virgin Islands. (ECF Nos. 12-1 and 12-2.) The transcripts from the two-day hearing are attached to the Defendant's motion to dismiss.

Decourcy is now suing Maruk, her attorney, and her attorney's firm for violations of the Stored Communications Act, the Federal Computer Fraud and Abuse Act, and for tortious interference with a business relationship. (*Id.* at 14-19.) Maruk has moved to dismiss or stay the case pending the resolution of the parties' divorce proceedings. (ECF No. 22.)

## II. Analysis

The Defendant moves to stay this case under the *Colorado River* and *Younger* abstention doctrines. (ECF No. 22 at 8-9.) Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the court must consider: (1) whether the state proceedings constitute an ongoing state judicial proceeding; (2) whether they implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Richard v. Fisher & Bendeck, P.A.*, No. 10-14110, 2011 WL 284455, at *2 (S.D. Fla. Jan. 25, 2011) (Martinez, J.) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Because the Court finds that *Younger* abstention applies, it will not address the *Colorado River* factors.

"The Eleventh Circuit has held that an essential part of the first [] factor in *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding." *Id.* (quoting *31 Foster Children,* 329 F.3d at 1276). In order to determine whether a federal case would "interfere" with the state proceeding, courts look to the relief requested and the effect it would have on the state case. *Id.* Here, each count of Plaintiff's complaint seeks damages related to the "sabotaged sale of the Waterfront Bistro" and the Defendant's "unfair advantage in the divorce proceedings." (ECF No. 1 at ¶¶ 72, 84, 93, 99.) The issues raised in this lawsuit were raised at a hearing in the Virgin Islands on a motion to show cause for Decourcy's failure to abide by the interim alimony agreement. (ECF No. 22-2.) At the conclusion of the two-day hearing, the court entered an interim order for alimony and attorneys' fees and found Decourcy in willful contempt of court for failing to comply with the court's previous orders. (ECF No. 22-3 at 8.) Decourcy is now seeking an order from this Court awarding him damages related to a property that may be considered a marital assert, the Waterfront Bistro, and for conduct which has already been brought to the court's attention in the Virgin Islands. An award of damages in this case would presumably offset the alimony payments entered in the divorce proceedings, therefore "interfering" with the state case. *See Richard,* 2011 WL 284455 at *3. Notwithstanding the Plaintiff's arguments, the Court finds that a more appropriate way to address Maruk's alleged conduct is to move for sanctions in the Virgin Islands proceedings, rather than seek relief from this Court.

With respect to the second factor, the division of marital assets and one spouse's access to certain email accounts during the course of a divorce implicate important state interests. *See Metha v. Maddox*, 296 F. Supp. 3d 60, 65 (D.D.C. 2017) ("the [state] has a significant interest in divorce proceedings taking place in the District and the division of marital assets."); *Richard,* 2011 WL 284455 at *3 ("[T]he assignment of marital assets during a divorce implicate

important state interests."). The Virgin Islands court is in a much better position to determine whether the Defendant's conduct has given her a "tactical advantage" in the divorce proceedings and whether she has somehow used that advantage to manipulate the value of a marital asset. Accordingly, this factor weighs in favor of abstention.

With respect to the third factor, "Plaintiff bears the burden of showing that the state proceedings do not provide an adequate forum for his federal claim." *Richard*, 2011 WL 284455 at *3 (citing *Butler v. Ala. Judicial Inquiry Comm'n*, 261 F.3d 1154, 1159 (11th Cir. 2001). "Plaintiff can overcome the presumption that state proceedings are adequate only by demonstrating that the state court remedies are inadequate." *Id.* Here, the Plaintiff simply asserts, without a single citation, that the Virgin Islands proceedings will not afford him an adequate opportunity to raise his claims. (ECF No. 34 at 18.) The Court disagrees. The Plaintiff's claims for damages are based on alleged hacking of the Plaintiff's email to gain an advantage in the divorce proceedings by reviewing confidential documents. The Virgin Islands court can exclude any evidence improperly obtained or impose sanctions against Maruk and her counsel for the misconduct alleged here. "Although Plaintiff asserts he has brought claims against individuals, such as his wife's divorce attorneys . . . who are not currently parties to the divorce proceedings, he has not demonstrated that he cannot seek relief against them in the state proceedings." *Richard*, 2011 WL 284455 at *3. It would be difficult to imagine the divorce proceedings concluding without resolving the allegations made in the Plaintiff's complaint given that they have already been brought to the court's attention in the Virgin Islands. Therefore, the Plaintiff has not met his burden and *Younger* abstention is appropriate.

## III. Conclusion

Accordingly, the Court **grants** the Defendant's motion to stay[1] the proceedings pending the outcome of the Virgin Islands divorce proceedings. (**ECF No. 22.**) The Clerk is directed to **administratively close** this case. Upon

---

[1] "[Where] the plaintiffs seek only legal relief, and the district court properly applies the *Younger* doctrine to abstain from adjudicating a claim for damages, it must stay the case instead of exercising its discretion in deciding to dismiss the case. This is because the United States Supreme Court has held that "[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary.*" *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013) (quoting *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)).

completion of the Virgin Islands proceedings, either party may file a motion asking the Court to reopen the case and request affirmative relief from the Court. All pending motions are **denied** as moot.

    **Done and ordered** at Miami, Florida, on August 9, 2019.

                                                       _____
                                                        Robert N. Scola, Jr.
                                                        United States District Judge